192

## Langman et al. v. Spaulding Bakeries, Inc.

*George W. Ellis*, for plaintiffs.
*O'Malley, Hill, Harris & Harris*, for defendant.

EAGEN, J., July 14, 1943.—This is a motion to sever the two causes of action joined herein. Mildred Langman and her daughter, Evelyn Elsie Langman, were injured in an automobile accident. To recover for the wife's injuries, the husband and wife seek redress as parties plaintiff herein. For the daughter's injuries the father sues as guardian and in his own right. This motion is pressed in order that Mildred Langman, the operator of the automobile in which she and her daughter were riding, may be joined as an additional defendant in the latter's action.

Defendant admits the actions were properly joined when suit was instituted. See Pennsylvania Rules of Civil Procedure, particularly Pa. R. C. P. 2229. Pa. R. C. P. 2252 (effective December 30, 1942) provides:

"(a) In any action the defendant or any additional defendant may file as of course a præcipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him."

However, this does not permit the joinder of a person already on the record. Hence the necessity of this motion if defendant is to be given the opportunity to join Mildred Langman in the action of her daughter. We believe this motion is proper and should be granted.

"Where persons having separate claims join as co-plaintiffs the proper procedure is the granting of a severance of the action upon the application of the defendant who may thereafter join the plaintiff in one of the severed actions as an additional defendant in the remaining action ": Goodrich-Amram Procedural Rules, 2252(a).

See also Judge et al. v. Lang, 43 D. & C. 511, 513:

"Rule 2231(d) provides that the joinder of parties shall not deprive any party of a procedural right which he would enjoy in the absence of such a joinder. We believe that, since the permissive joinder is merely a convenience and the causes of action still retain their separate character, the court possesses an inherent power to direct the severance of actions and should exercise that power."

In this case no affidavit of defense was filed and the time has expired. It is argued that this now prevents the joinder of an additional defendant. See Pa. R. C. P. 2252(a) and Wilsey et ux. v. Walter, 43 D. & C. 1. However, this rule has been changed effective December 30, 1942. Under these rules the joinder is a matter of right (Pa. R. C. P. 2252(a)) and the defendant is required to file with his præcipe for joinder a complaint setting forth the facts relied upon to establish the liability of the additional defendant. In our opinion the necessity of filing an affidavit of defense before a joinder is permitted is now abolished.

Now, July 14, 1943, the rule heretofore granted to show cause why the actions in the right of Mildred Langman and in the right of Evelyn Elsie Langman should not be severed is made absolute.